1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW R. ORTIZ and RENE ORTIZ,            No.  2:18-cv-02396-KJM-AC

12                    Plaintiffs,

13            v.                                ORDER and FINDINGS AND
                                                RECOMMENDATIONS
14   CLIENT SERVICES, INC.,

15                    Defendant.

16

17          The court is in receipt of plaintiffs' motion for postponement of all proceedings.  ECF No.

18   16.  This case was removed from state court with plaintiff proceeding pro se, and was accordingly

19   referred to the Magistrate Judge pursuant to Local Rule 302(c)(21).  ECF No. 1.  Defendant's

20   motion to dismiss, ECF No. 8, was heard on hearing on February 20, 2019 at 10:00 A.M. in

21   Courtroom 26 (AC).  ECF No. 19.  For the reasons outlined below, defendant's motion should be

22   GRANTED and plaintiffs' complaint should be DISMISSED with leave to amend.

23                                    **I. BACKGROUND**

24          Plaintiffs Andrew R. Ortiz and Rene Ortiz filed suit against defendant Client Services in

25   small claims court on August 2, 2018.  ECF No. 1-1 at 2-3.  Plaintiffs claim defendant owes them

26   $10,000 for incidents occurring June 1, 2018.  Id. at 3.  Plaintiffs' complaint states, in full, as

27   follows:

28   ////

                                              1

> I am suing Client Services, Inc. (CSI) in the amount of $10,000 for defamation of character, financial harm, harassment, attempt to extort and the violations of the federal Fair Credit Reporting Act, § 1681, the federal Fair Debt Collections Practices Act, §1692, and the California Fair Debt Collection Practices Act-Rosenthal, § 1788. The Acts impose a $1,000 fine for each violation. We are attempting to recover all the penalties against the violator(s).
>
> [New Paragraph in response to the question "How did you calculate the money owed to you?] . . . CSI defamed my character, caused grave financial harm and violated the Acts. I will prove each violation CSI committed which exceed courts limit of $10,000, I am suing to recover the max amount allowed by law.

ECF No. 1-1 at 5. Defendant removed the action to this court pursuant to 28 U.S.C. § 1446(a) and 26 U.S.C. § 1441(a) because it involves federal causes of action. ECF No. 1 at 1-2.

Defendant moved to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) on September 6, 2018, with a requested hearing date of October 10, 2018. ECF No. 8. Plaintiffs did not timely respond, and the court re-scheduled the hearing for October 31, 2018. ECF No. 11. Plaintiffs moved to continue the hearing, and the court granted the request; the hearing was re-set to December 12, 2018. ECF No. 12. Plaintiffs filed two oppositions to the motion to dismiss, one on November 30, 2018 (ECF No. 14) and one filed December 5, 2018 (ECF No. 15). On December 4, 2018, plaintiffs requested that the hearing on the motion be re-scheduled due to a family emergency, expressing their strong desire to appear in person. ECF No. 16. The court granted the request and re-set the hearing for February 20, 2019. ECF No. 17.

## II. ANALYSIS

A. <u>Dismissal Standard Under Fed. R. Civ. P. 12(b)(6) and Compliance with Fed. R. Civ. P. 8</u>

Plaintiffs must assist the court and defendant by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. A defendant may move to dismiss a complaint under the Federal Rules for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss should be granted if a complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. <u>Hartmann v. Cal. Dep't of Corr. & Rehab.</u>, 707 F.3d 1114, 1122 (9th Cir. 2013). A complaint must contain a "short and

1  plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2),

2  though it need not include "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S.

3  544, 555 (2007).  Still, "sufficient factual matter" must make the claim at least plausible.

4  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Conclusory or formulaic recitations of elements do

5  not alone suffice.  Id. (citing Twombly, 550 U.S. at 555).

6       Complaints are also required to comply with Fed. R. Civ. P. 8(a).  Under Rule 8, the

7  complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that

8  is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain

9  statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what

10  way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set

11  forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se

12  plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office,

13  501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at

14  www.uscourts.gov/forms/pro-se-forms.

15       B.  Plaintiffs' Complaint Does Not State a Claim

16       Plaintiffs' complaint does not state a claim upon which relief can be granted, and

17  defendant's motion to dismiss must be granted.  Plaintiffs' complaint is totally devoid of facts;

18  while it alleges in conclusory fashion that defendant violated the federal Fair Credit Reporting

19  Act ("FCRA"), the federal Fair Debt Collections Practices Act ("FDCPA"), and the California

20  Fair Debt Collection Practices Act ("Rosenthal Act"), the complaint does not allege any facts that

21  show how defendant violated these acts or caused harm to plaintiff.  ECF No. 1-1 at 5.

22       In plaintiffs' opposition to the motion to dismiss, they take the position that they do not

23  need to articulate their claims against defendant because a debt collector is always obligated to

24  either answer or defend any accusations a consumer brings against it.  ECF No. 14 at 2-3.  That is

25  not the case.  Under the Rules of Civil Procedure, plaintiffs must allege facts to support each

26  cause of action they seek to bring against defendant.  See Fed. R. Civ. P. 8, 12(b)(6); Iqbal, 556

27  U.S. at 678.

28  ////

1          1.   Stating a Claim under the FDCPA and the Rosenthal Act

2          "To establish a claim under the FDCPA, a plaintiff must show: (1) she is a consumer

3    within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into

4    for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C. §

5    1692a(6); and (4) the defendant violated one of the provisions of the FDCPA, *1194 15 U.S.C. §§

6    1692a–1692o." Alonso v. Blackstone Fin. Grp. LLC, 962 F. Supp. 2d 1188, 1193–94 (E.D. Cal.

7    2013) (Boone, J.).  California's Rosenthal Act creates state liability where there is a violation of

8    the FDCAP.  Cal. Civ. Code § 1788.17.  Plaintiffs have not alleged any facts to support any

9    element of an FDCPA or Rosenthal claim.  ECF No. 1-1 at 5.  Plaintiffs need to explain what

10   kind of transaction they entered into with defendant (if any), what kind of debt is involved, and

11   specifically how defendant violated any provision of the FDCPA.  Plaintiffs' complaint does not

12   explain what happened between the parties, and therefore does not state an FDCPA or Rosenthal

13   claim.

14         2.   Stating a Claim under the FCRA

15         Plaintiffs' complaint does not state an FCRA claim.  The FCRA was enacted "ensure fair

16   and accurate credit reporting, promote efficiency in the banking system, and protect consumer

17   privacy."  Safeco Ins. Co. v. Burr, 551 U.S. 47, 52 (2007).  Plaintiffs do not identify which

18   provision of the FCRA defendant allegedly violated or any fact to support an FCRA violation of

19   any kind.  ECF No. 1-1 at 5.  At a minimum, plaintiffs must indicate that some sort of credit

20   reporting violation took place by explaining who did what and when, and how they believe the

21   actions violated the FCRA.  The FCRA contains many different provisions, and without any

22   factual background the court and defendant cannot tell which provision was violated, and

23   therefore cannot tell what specific facts plaintiffs would have to allege in order to state a claim.

24   Plaintiffs' complaint as written not state an FCRA claim.

25         3.   State Claims

26         To the extent plaintiffs seek to bring a defamation claim, the complaint does not allege the

27   necessary information.  Defamation "involves the intentional publication of a statement of fact

28   that is false, unprivileged, and has a natural tendency to injure or which causes special damage."

                                            4

1   Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (1999), as modified (June 23, 1999).  Plaintiffs

2   have not identified any statement that defendant published about them, or explained how the

3   statement was false and how they were harmed by it.

4        The complaint also refers to "financial harm" and "harassment" as putative grounds for

5   relief.  "Financial harm" is not a cause of action.  The word "harassment" also fails to state a

6   claim or identify a cognizable cause of action.  Behavior that can be described as "harassing" may

7   in some cases support various claim for relief, the instant complaint contains no facts that would

8   support any claim.  In summary, none of plaintiffs' state law claims can survive in the absence of

9   supporting facts.

10       C.  Leave to Amend

11       Plaintiffs appearing in pro se are to be given leave to amend unless it is clear that

12  amendment would be futile.  Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987).  Because

13  plaintiffs' complaint does not allege any facts regarding the nature of the dispute, the court is in

14  no position to opine that amendment would be futile.  Accordingly, plaintiffs are entitled to an

15  opportunity to file an amended complaint that complies with the standards described above.

16       At the hearing on defendant's motion, plaintiffs reiterated their belief that they do not

17  need to allege facts to support their complaint, and that defendant has violated the law simply by

18  removing this case to federal court.  As the undersigned explained in in open court, this is not the

19  case.  Because plaintiffs allege federal causes of action, defendant was within its rights to remove

20  this case to federal court.  28 U.S.C. § 1446(a) and 26 U.S.C. § 1441(a).  Plaintiffs' amended

21  complaint should not rely on this theory.

22                           **III.  CONCLUSION**

23       Based on the foregoing, it is recommended that defendant's motion to dismiss (ECF No.

24  8) be GRANTED, and that plaintiffs' complaint be DISMISSED, but that plaintiffs be given

25  leave to amend within 30 days following the entry of the District Judge's order.

26       It is further ORDERED that the Initial Scheduling Conference currently set for March 13,

27  2019 is VACATED, to be re-set as necessary.

28  ////

                                      5

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

3    after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

5    document should be captioned "Objections to Magistrate Judge's Findings and

6    Recommendations."  Failure to file objections within the specified time may waive the right to

7    appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez

8    v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

9    DATED: February 26, 2019

10

ALLISON CLAIRE
11                          UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28